**OUTTEN & GOLDEN LLP**
Molly A. Brooks
Michael C. Danna
Amy Maurer
685 Third Ave., 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BEN REYNOLDS, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>-against-<br><br>**RECREATIONAL EQUIPMENT, INC.**<br><br>Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Ben Reynolds, individually and on behalf of all others similarly situated, as a class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Recreational Equipment, Inc. ("REI" or "Defendant") is a privately-owned corporation that operates almost 200 retail stores in New York and around the country. Plaintiff and the class members that he represents are retail employees employed by REI in its New York retail locations.

2. This lawsuit seeks liquidated damages and statutory penalties for Plaintiff and his similarly situated co-workers who work or have worked at REI in New York.

3. Plaintiff brings this action on behalf of himself and retail employees in New York who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et*

*seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by REI, which have deprived Plaintiff and the class of their lawfully earned wages (the "Collective").

4. Plaintiff also brings this action on behalf of himself and retail employees in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, which have deprived Plaintiff of timely pay (the "New York Class").

## THE PARTIES

**Plaintiff**

5. Kenneth Cortes is an adult individual who is a resident of New York, NY.

6. Plaintiff Cortes is employed by REI as a retail employee in New York, where he has worked since 2022.

7. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendant**

8. REI has employed Plaintiff, members of the Collective, and members of the New York Class, at all relevant times.

9. During all relevant times, REI has been the employer of Plaintiff, Collective members, and New York Class Members within the meaning of the FLSA and the NYLL.

10. REI maintains its headquarters in Sumner, WA.

11. At all relevant times, REI maintained control, oversight, and direction over Plaintiff, Collective members, and New York Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

12. REI applied the same employment policies, practices, and procedures to all retail employees at various work locations in New York, including policies, practices, and procedures

with respect to the frequency of pay.

13. Upon information and belief, at all relevant times, REI had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

15. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy between at least one named Plaintiff and REI exceeds the sum or value of $75,000.00.

16. This Court also has original jurisdiction over Plaintiff's state law class claims pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against REI in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and class members are citizens of a different state than REI.  Upon information and belief, most class members are citizens of New York, while REI is a citizen of Washington.

17. REI is subject to personal jurisdiction in New York.

18. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**NEW YORK CLASS ACTION ALLEGATIONS**

21. Plaintiff brings the First Cause of Action under Rule 23, on behalf of himself and all similarly situated current and former retail employees whom REI paid untimely wages ("New York Class").

22. Excluded from the New York Class are REI Management, REI's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in REI; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

23. The members of the New York Class ("New York Class Members") are readily ascertainable. The number and identity of the New York Class Members are determinable from REI's records. The hours assigned and worked, the positions held, and the rates of pay for each New York Class Member are also determinable from REI's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from REI's records. Notice can be provided by means permissible under Rule 23.

24. The New York Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

25. Upon information and believe, there are more than 40 New York Class Members.

26. Plaintiff's claims are typical of those claims that could be alleged by any New York Class Member, and the relief sought is typical of the relief which would be sought by each New York Class Member in separate actions.

27. All the New York Class Members were subject to the same corporate practices of REI, as alleged herein, of failing to pay weekly.

28. Plaintiff and the New York Class Members have all sustained similar types of damages as a result of REI's failure to comply with the NYLL.

29. Plaintiff and the New York Class Members have all been injured in that they have been uncompensated or under-compensated due to REI's common policies, practices, and patterns of conduct. REI's corporate-wide policies and practices affected all New York Class Members similarly, and REI benefited from the same type of unfair and/or wrongful acts as to each of the New York Class Members.

30. Plaintiff and other New York Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the New York Class Members and has no interests antagonistic to the New York Class Members.

32. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual New York Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual

New York Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual New York Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual New York Class Members, establishing incompatible standards of conduct for REI and resulting in the impairment of the New York Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34. Upon information and belief, REI and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

35. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

36. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and the New York Class Members individually and include, but are not limited to, the following:

    (a)    whether REI violated NYLL Article 6;

  (b) whether retail employees at REI are "manual workers" under the New York Labor Law

  (c) whether REI correctly compensated Plaintiff and the New York Class Members on a timely basis; and

  (d) the nature and extent of class-wide injury and the measure of damages for those injuries.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings the Second Cause of Action on behalf of himself and all similarly-situated current and former retail employees who were employed by REI for a period of three years prior to the filing of the Complaint and the date of final judgment in this matter, and who elect to opt into this action (the "Collective Members").

38. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject REI's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and the Collective Members their full compensation earned in a particular workweek on the regular payday for the period in which such workweek ends, which New York Labor Law defines as in the following calendar week.  Plaintiff's claims stated herein are essentially the same as those of the other Collective Members.

39. REI is aware or should have been aware that federal law requires it to pay employees by the payday for the period in which their workweek ends, which in New York is the following calendar week.

40. REI's unlawful conduct has been widespread, repeated, and consistent.

41. The Second Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

42. The Collective Members are readily ascertainable.

43. For the purpose of notice and other purposes related to this action, the Collective Members' names and addresses are readily available from REI's records.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

44. At all times relevant, REI maintained a policy and practice of paying all retail employees on a bi-weekly basis.

45. REI maintained this policy even though retail employees are manual workers for purposes of the New York Labor Law's frequency of pay provisions.

### PLAINTIFF'S FACTUAL ALLEGATIONS

46. Consistent with their policies and patterns or practices as described herein, REI harmed Plaintiff, individually, as follows:

47. Plaintiff worked for REI as a retail employee in New York.

48. During Plaintiff's employment, over twenty-five percent of his job duties were physical tasks, including but not limited to standing at all times; carrying, folding, and tagging inventory; fixing and arranging store displays; breaking down inventory boxes; transporting inventory and goods around the store, including to basement areas; cleaning; operating a cash register; and walking around the store to greet customers and address their inquiries.

49. Plaintiff was compensated by REI on a bi-weekly basis consistently throughout his employment.

### ARTICLE III STANDING ALLEGATIONS

50. Plaintiff suffered an injury in fact that is concrete, particularized and actual.

51. During Plaintiff's employment with REI, Defendant failed to pay Plaintiff his wages timely when due. As a result of the untimely payments, Plaintiff forwent the opportunity

to invest or otherwise use the money to which he was entitled and he was deprived of the time value of his money, including but not limited to, interest.

52. Plaintiff's injuries were caused by Defendant, who failed to pay Plaintiff timely each workweek.

53. Plaintiff's injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendant.

54. Each New York Class Member suffered an injury in fact that is concrete, particularized and actual—i.e., that Defendant failed to pay them timely wages each workweek, and as a result of the untimely payments, New York Class Members lost the opportunity to invest or otherwise use the money to which they were entitled and they were deprived of the time value of their money, including but not limited to, interest. New York Class Members' injuries were caused by Defendant and can be redressed through the judicial relief of ordering the payment of monetary damages by Defendant to the New York Class Members.

### FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

55. Plaintiff, on behalf of himself and New York Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

56. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to REI and protect Plaintiff and the New York Class.

57. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

58. Through their knowing or intentional failure to provide Plaintiff and New York Class Members weekly payment as required by the NYLL, REI has willfully violated NYLL,

Article 6, §§ 190, et seq., and the supporting New York State Department of Labor Regulations.

59. Due to REI's willful violations of NYLL, Article 6, § 191, Plaintiff and New York Class Members are entitled to the amount of their untimely paid wages in liquidated damages, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the Collective)

60. Plaintiff, on behalf of himself and the Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

61. Under the FLSA and its implementing regulations, compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends. 29 C.F.R. § 778.106.

62. For retail employees in New York, the regular payday is at the end of each week.

63. Throughout their employment, REI paid retail employees on a bi-weekly schedule, in violation of 29 C.F.R. § 778.106.

64. As a result of REI's violations of the FLSA and its implementing regulations, Plaintiff and the Collective Members have been paid untimely and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## REQUESTS FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated

persons, respectfully request that this Court grant the following relief:

 A. Designation of this action as a collective action on behalf of the Collective (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

 B. Designation of Plaintiff as Representative of the Collective;

 C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

 D. An award of damages, according to proof, including liquidated damages, to be paid by REI;

 E. Costs of action incurred herein, including any expert fees;

 F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216(b);

 G. Pre-judgment and post-judgment interest, as provided by law; and

 H. Such other legal and equitable relief as this Court deems necessary, just, and proper.

 **WHEREFORE**, Plaintiff on behalf of himself and all members of the New York Class, request entry of judgment and the following specific relief:

 A. Certification of this case as a class action pursuant to Rule 23;

 B. Designation of Plaintiff as a representative of the New York Class and counsel of record as Class Counsel;

 C. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, and

the supporting New York State Department of Labor Regulations;

      D.      Payment of liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

      E.      Appropriate equitable and injunctive relief to remedy REI's violation of New York law, including but not limited to an order enjoining REI from continuing its unlawful practices;

      F.      Penalties, as provided by law;

      G.      Attorneys' fees and costs of action incurred herein, including any expert fees;

      H.      Pre-judgment and post-judgment interest, as provided by law; and

      I.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

      J.      Finally, Plaintiff requests a reasonable service award to compensate him for the time he has spent and will spend attempting to recover damages for New York Class and Collective Members and for the risks he is taking in doing so.

Dated: April 29, 2025
       New York, New York

              Respectfully submitted,
              */s/ Molly A. Brooks*
              Molly A. Brooks

              **OUTTEN & GOLDEN LLP**
              Molly A. Brooks
              Michael C. Danna
              Amy Maurer
              685 Third Ave., 25th Floor
              New York, New York 10017
              Telephone: (212) 245-1000

              *Attorneys for Plaintiff, the Collective, and the Putative Rule 23 Class*